## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT LANG, | ) Case No. |
| Plaintiff, | ) |
| v. | ) **COMPLAINT FOR** |
| | ) **VIOLATIONS OF THE** |
| SURFACE ONCOLOGY, INC., DENICE | ) **FEDERAL SECURITIES LAWS** |
| TORRES, CARSTEN BRUNN, JEFF | ) |
| GOATER, DAVID GRAYZEL, BEN HICKEY, | ) JURY TRIAL DEMANDED |
| RAMY IBRAHIM, ROBERT ROSS, ARMEN | ) |
| SHANAFELT, ELLIOTT SIGAL, and LAURIE | ) |
| STELZER, | ) |
| Defendants. | ) |

Plaintiff Robert Lang ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

## NATURE OF THE ACTION

1. Plaintiff brings this action against Surface Oncology, Inc. ("Surface" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the proposed sale of the Company to Coherus Biosciences, Inc. ("Coherus").[1]

---

[1] The proposed business combination described herein is referred to as the "Proposed Transaction." The Proposed Transaction is valued at up to $65 million, including Surface's anticipated net cash of between $20 to $25 million. Upon closing of the Proposed Transaction,

2. On June 20, 2023, Surface entered into an Agreement and Plan of Merger (the "Merger Agreement") with Coherus, and Coherus' wholly owned subsidiaries, Crimson Merger Sub I, Inc. ("Merger Sub I") and Crimson Merger Sub II, LLC ("Merger Sub II," and together with Merger Sub I, the "Merger Subs"). The Merger Agreement provides that Surface common stock will be converted into the right to receive (i) a number of Coherus shares equal to the exchange ratio determined by dividing (x) the quotient obtained by dividing (1) $40,000,000 plus Surface Net Cash (as defined in the Merger Agreement), by (2) $5.2831, by (y) the total number of shares of Surface common stock issued and outstanding immediately prior to the effective time (the "Exchange Ratio"), and if applicable, cash in lieu of fractional shares, and (ii) one contingent value right ("CVR").[2]

3. The Company's corporate directors subsequently authorized the July 26, 2023, filing of the materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. The Proxy Statement, which recommends that Company stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the

---

Surface's current stockholders will own approximately eleven percent to twelve percent of the combined company.

[2] The initial Exchange Ratio implies a transaction enterprise value of $0.64 per share of Surface common stock, based on the volume weighted average trading price per share of Coherus common stock of $5.2831 for the five trading days through and including June 15, 2023 (the last full trading day before the public announcement of the Proposed Transaction). Surface stockholders will receive CVRs representing the right to receive 70% of milestone and royalty-based value of existing programs with Novartis AG (NZV930) and GSK plc (GSK4381562), as well as CVRs for 25% of upfront payments made pursuant to potential ex-US licensing agreements for SRF114 and 50% of upfront payments made pursuant to potential ex-US licensing agreements for SRF388, subject to certain deductions as set forth in the contingent value rights agreement.

issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4. It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights, among other things.[3]

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District or is an individual with sufficient minimum contacts with this District to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

---

[3] The Special Meeting at which stockholders are asked to approve Proposed Transaction currently is scheduled for September 7, 2023.

## THE PARTIES

9. Plaintiff is, and has been at all times relevant hereto, the owner of Surface common stock.

10. Defendant Surface is a Delaware corporation with its principal executive offices located at 50 Hampshire Street, 8th Floor, Cambridge, Massachusetts 02139. Surface's shares trade on the Nasdaq Capital Market under the ticker symbol "SURF." Surface is a clinical-stage immuno-oncology company focused on using its specialized knowledge of the biological pathways critical to the immunosuppressive tumor microenvironment, for the development of next-generation cancer therapies. The Company's pipeline includes various antibodies including: (i) SRF388 which is in a Phase II clinical trial targeting interleukin 27, an immunosuppressive cytokine, or protein that is overexpressed in certain cancers, including hepatocellular, lung and renal cell carcinoma; (ii) SRF114 which is in Phase 1/2 clinical trials targeting the chemokine receptor CCR8, a chemokine receptor highly expressed on regulatory T cells in the tumor microenvironment; and (iii) prior to the Company's November 2022 pause of its clinical development, SRF617, a fully human IgG4 monoclonal antibody that inhibits CD39 enzymatic activity for the production of adenosine and the breakdown of adenosine triphosphate. Surface also has two programs, NZV930 and GSK4381562, which are exclusively licensed to Novartis Institutes for Biomedical Research, Inc. and GlaxoSmithKline Intellectual Property (No. 4) Limited, respectively.

11. Defendant Denice Torres is and has been Chair of the Board and a director of the Company at all times relevant hereto.

12. Defendant Carsten Brunn is and has been a director of the Company at all times relevant hereto.

13. Defendant Jeff Goater is and has been a director of the Company at all times relevant hereto.

14. Defendant David Grayzel is and has been a director of the Company at all times relevant hereto.

15. Defendant Ben Hickey is and has been a director of the Company at all times relevant hereto.

16. Defendant Ramy Ibrahim is and has been a director of the Company at all times relevant hereto.

17. Defendant Robert Ross is and has been Chief Executive Officer and a director of the Company at all times relevant hereto.

18. Defendant Armen Shanafelt is and has been a director of the Company at all times relevant hereto.

19. Defendant Elliott Sigal is and has been a director of the Company at all times relevant hereto.

20. Defendant Laurie Stelzer is and has been a director of the Company at all times relevant hereto.

21. Defendants identified in paragraphs 11-20 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

22. On June 16, 2023, Coherus and the Company jointly announced in relevant part:

REDWOOD CITY, Calif. and CAMBRIDGE, Mass., June 16, 2023 (GLOBE NEWSWIRE) -- Coherus BioSciences, Inc. (Coherus, Nasdaq: CHRS) and Surface Oncology, Inc. (Surface, Nasdaq: SURF) today announced that the companies have entered into a definitive merger agreement providing that, at the closing, Coherus will acquire Surface Oncology, a clinical-stage immuno-oncology (I-O) company developing next-generation immunotherapies that target the tumor microenvironment. The Surface acquisition adds two differentiated clinical stage assets to Coherus' novel I-O pipeline: SRF388, a novel IL-27-targeted antibody currently being evaluated in Phase 2 clinical trials in lung cancer and liver cancer, and SFR114, a CCR8-targeted antibody currently in a Phase 1/2 study as a monotherapy in patients with advanced solid tumors.

The transaction was unanimously approved by the boards of directors of both companies and is expected to close in the third quarter of 2023.

"This transaction is well-timed, as it coincides with the accelerating growth of our biosimilar revenues driven by the launch of CIMERLI® and near-term launch of YUSIMRY®. With the agreement to acquire Surface and the expected near-term approval of toripalimab, Coherus is positioned to become one of the very few I-O companies with demonstrated commercial expertise, significant product revenues, and unique, competitively positioned R&D programs addressing critical unmet medical needs," said Denny Lanfear, Chairman and Chief Executive Officer of Coherus. "Toripalimab has recently demonstrated potentially practice-changing overall survival data in nasopharyngeal carcinoma, and its differentiated mechanism of action defines it as a next-generation PD-1. Existing marketed PD-1's transformed the treatment of cancer over the past decade but are effective in only a minority of patients. Additional overall survival gains must come from novel combinations that more broadly target the cancer immunity cycle. The addition of Surface's IL-27 and CCR8 antibodies expands our next-generation I-O pipeline beyond checkpoint inhibition to agents targeting immune-suppressive mechanisms of the tumor microenvironment."

Commenting on the merger, Rob Ross, MD, President and Chief Executive Officer, Surface said, "This combination presents a rare opportunity for two complementary organizations to join together and forge something that is greater than the sum of its parts. By augmenting Coherus' existing capabilities and infrastructure with Surface's innovative pipeline and deep I-O expertise, Coherus is well positioned to develop important I-O medicines for patients which deliver real value for the shareholders of both companies."

Regarding the SRF388 data, Dr. Ross added, "While still early, the new hepatocellular carcinoma (HCC) data are encouraging and suggest that when administered in triplet combination with checkpoint and VEGF inhibitors,

SRF388 holds exciting potential to improve the treatment paradigm for liver cancer. Based on the growing body of data in HCC, non-small-cell lung cancer (NSCLC) and renal cell carcinoma (RCC), SRF388 would be a compelling agent to study in combination with toripalimab in many highly prevalent tumor types."

**Benefits of the Transaction**

***Strengthens Coherus' pipeline with global rights to innovative, competitively positioned, clinical-stage I-O assets***

- SRF388, the only IL-27 targeted antibody in clinical development worldwide, has demonstrated monotherapy activity in multiple tumor types and is currently being evaluated in Phase 2 clinical trials in lung cancer and liver cancer as monotherapy and in combination with checkpoint inhibitors.

- SRF114, a high affinity, fully human IgG1 antibody demonstrated to bind exclusively to CCR8, has established proof of mechanism with pharmacodynamic activity observed in the ongoing Phase 1 trial.

- SRF388 and SRF114 have potential as monotherapy and as combination treatments with other I-O agents, including Coherus' toripalimab.

***Expands Coherus' I-O franchise to the treatment of tumor types with significant unmet needs***

- Coherus plans to launch toripalimab directly upon approval by the United States Food and Drug Administration (FDA) for nasopharyngeal carcinoma.

- Coherus plans to evaluate SRF388 and SRF114 as monotherapies and in combination with toripalimab for lung cancer, head and neck cancer, and certain other tumor types.

- Novel I-O clinical development will extend Coherus' reach in oncology and expand physician experience with toripalimab. Combinations of toripalimab with SRF388 or SRF114 could yield net sales from multiple Coherus proprietary I-O agents.

***Positive financial impact***

- $20 - $25 million in Surface net cash projected at closing will strengthen Coherus' balance sheet and fund ongoing SRF388 and SRF114 clinical trials through year-end 2024, beyond significant value inflection points in 2023 and 2024.

- Pipeline prioritization enabled by the acquisition will focus clinical development activities on competitively positioned I-O programs and reduce budgeted R&D spending by at least $50 million through 2025.

- Potential out-licensing of ex-US rights to SRF388 and SRF114 could raise significant non-dilutive capital in 2024 and 2025.

**Transaction Details**

Under the terms of the agreement, Coherus will issue shares of its common stock at a price of $5.2831 per share to acquire all outstanding shares of Surface stock for a total value equal to the sum of $40 million plus Surface's net cash at closing of the transaction (currently expected to be between $20 and $25 million). Surface shareholders will also receive CVRs for 70% of milestone and royalty-based value of existing programs with Novartis AG (NZV930) and GSK plc (GSK4381562), as well as CVRs for 25% of upfront payments made pursuant to potential ex-US licensing agreements for SRF114 and 50% of upfront payments made pursuant to potential ex-US licensing agreements for SRF388, subject to certain deductions as set forth in the contingent value rights agreement. Amounts under these CVRs are payable for a period of ten years following the closing of this transaction.

The transaction was unanimously approved by the boards of directors of both companies and is expected to close in the third quarter of 2023. The closing of the transaction is subject to certain conditions, including Surface shareholder approval; the availability at closing of at least $19.6 million of Surface cash net of short-term and long-term liabilities, transaction expenses, and other obligations; and other customary conditions. In conjunction with the transaction announcement, Surface is implementing a workforce reduction of approximately 50% of its employees.

Truist Securities is acting as financial advisor and Arnold & Porter Kaye Scholer LLP and Latham & Watkins LLP are acting as legal advisors to Coherus. Wedbush Securities Inc. is acting as exclusive strategic financial advisor and Goodwin Procter LLP is acting as legal advisor to Surface.

**The Materially Incomplete and Misleading Proxy Statement**

23.  The Board caused to be filed the materially incomplete and misleading Proxy Statement with the SEC on July 26, 2023  The Proxy Statement, which recommends that Surface stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading

information, concerning: (a) Surface's financial forecasts; (b) the background of the Proposed Transaction; and (c) potential conflicts of interest faced by the Company's financial advisor Wedbush Securities Inc. ("Wedbush").

*Material Misrepresentations and/or Omissions Concerning the Company's Financial Forecasts*

24. The Proxy Statement fails to disclose any financial forecasts for the Company.

*Material Misrepresentations and/or Omissions Concerning Wedbush's Financial Analyses*

25. The Proxy Statement fails to disclose material information concerning the background of the Proposed Transaction, including the details concerning several proposals the Company received throughout the reverse merger process, including at a minimum, a summary of the proposals received by reverse merger candidates identified in the Proxy Statement as Company B, Company D, Company E, Company F, Company G and Company H.[4]

26. The Proxy Statement further fails to disclose whether the Company entered into any confidentiality agreements with any of the "Group A" or "Group B" parties contacted by the Company in connection with its 2022 strategic review.[5]

*Material Misrepresentations and/or Omissions Concerning Wedbush's Potential Conflicts of Interest*

27. The Proxy Statement fails to disclose material information concerning potential conflicts of interest faced by Wedbush, including an estimated quantification of the success fee Wedbush is anticipated to achieve upon consummation of the Proposed Transaction.[6]

---

[4] *See* Proxy Statement at 70.

[5] *See id.* at 64. In addition, to the extent that the Company did so, the Proxy Statement fails to disclose whether any of these confidentiality agreements contained a "don't ask, don't waive" standstill provision precluding any party from submitting a topping bid for the Company.

[6] *See id.* at 86, stating that "Surface has also agreed to pay Wedbush a success fee in an amount

28. The omission of the above-referenced information renders statements in the "Surface's Reasons for the Mergers; Recommendation of the Surface Board of Directors that Surface Stockholders Approve the Merger Agreement," "Opinion of Surface's Financial Advisor," and "Background of the Merger" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act.

29. Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of the Company will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Surface**

30. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

31. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9. Surface is liable as the issuer of these statements.

---

equal to 1% of the transaction value, subject to a minimum fee of $1,500,000, for its services as Surface's exclusive strategic financial advisor, which fee is contingent upon consummation of the [Proposed Transaction]."

32. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

33. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

34. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

35. The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

36. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

37. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

38. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

39. The Individual Defendants acted as controlling persons of Surface within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as

11

officers and/or directors of Surface and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

40. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

41. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the transactions giving rise to the violations as alleged herein and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

42. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

43. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of the Company, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Company stockholders;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: August 15, 2023                                   **LONG LAW, LLC**

By: */s/ Brian D. Long*
Brian D. Long (#4347)
3828 Kennett Pike, Suite 208
Wilmington, DE 19807
Telephone: (302) 729-9100
Email: BDLong@LongLawDE.com

*Attorneys for Plaintiff*